**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES M. KEITGES,**

    **Plaintiff,**

**v.**                                     **Case No.: 8:25-cv-244-JLB-AAS**

**CITY OF TREASURE ISLAND,**
**et. al.,**

    **Defendant.**

_____/

## ORDER

Defendants City of Treasure Island, Florida (the City), John Doctor, Arden Dickey, Robert Mining, Diana Craybill, and Deborah Toth, move to quash Plaintiff James M. Keitges purported service of process and dismiss the complaint. (Doc. 10). Mr. Keitges did not respond and the time to do so has past. Mr. Keitges is proceeding pro se and moved for entry of Clerk's Default (Doc. 9).

## I.    Background

On January 30, 2025, Mr. Keitges filed a complaint against the defendants. (Doc. 1). Mr. Keitges purported to serve the complaint on the defendants by mail. (Doc. 1, p. 7). Subsequently, the court ordered Mr. Keitges to show good cause by September 11, 2025, for his failure to effectuate service. (Doc. 2). On September 10, 2025, Mr. Keitges responded to the show cause

order and contended the service was proper. (Doc. 3). In response, the court entered an order directing Mr. Keitges's attention to Federal Rule of Civil Procedure 4 and directed Mr. Keitges to effectuate proper service by November 21, 2025. (Doc. 5).

Mr. Keitges then submitted an affidavit certifying "on November 14, 2025 [he] mailed to all defendants via USPS mail the Summons in conjunction with the Plaintiffs claim field on January 30, 2025." (Doc. 7). On January 30, 2026, Mr. Keitges moved for a clerk's default against all defendants (Doc. 9) and on February 5, 2026 the defendants moved to quash service. (Doc. 10).

## II.    Applicable Law

"[U]nless Plaintiff obtains Defendants' signed waiver of service, Defendants must be personally served by a 'person who is at least 18 years old and not a party in the case.'" *Glover v. Spencer*, No. 3:18-CV-427-J-39JRK, 2018 WL 11447431 (M.D. Fla. July 13, 2018) (quoting Fed. R. Civ. P. 4(c)(2)). Federal Rule of Civil Procedure 4(j)(2) sets forth the requirements to properly serve the City. Rule 4(j)(2) states:

> [s]ervice upon a state . . . or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). In turn, Section 48.111(2), Florida Statutes, provides:

2

(1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate shall be served:

(a) On the registered agent; or

(b) If the municipal corporation, agency, board, or commission, department, or subdivision of the state does not have a registered agent, or if the registered agent cannot otherwise be served after one good faith attempt:

1. On the president, mayor, chair, or other head thereof; and in the absence of all persons listed in this subparagraph;

2. On the vice president, vice mayor, or vice chair; and in the absence of all persons listed in subparagraph 1. and this subparagraph;

3. On any member of the governing board, council, or commission, the manager of the governmental entity, if any, or an in-house attorney for the governmental entity, if any; and in the absence of all the persons listed in subparagraph 1., subparagraph 2., and this subparagraph;

4. On any employee of the governmental entity at the main office of the governmental entity.

Fla. Stat. 48.111(2).

Federal Rule of Civil Procedure 4(e) sets forth the requirements to properly serve individuals. Rule 4(e) states an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In turn, Section 48.031(1)(a), Florida Statutes, states:

3

> [s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents"

Fla. Stat. 48.031(1)(a).

### III.    Analysis

Mr. Keitges has not provided proof of proper service. Mr. Keitges's affidavit of service only certifies that he mailed via USPS the Summons and Complaint to all the defendants. (Doc. 7). In this case "[s]ervice by mail is improper" and there is no proof Mr. Keitges attempted to serve individuals authorized to receive serve on behalf of the City. *Smith v. Am. Tel. & Tel. Co.*, No. 307CV175J25HTS, 2007 WL 1471738 (M.D. Fla. May 14, 2007) (quashing service when the plaintiff attempted to serve the governmental organization via the U.S. Postal Service and "there [was] no information . . . to indicate service [had] been properly effected"). In addition, the defendants have not waived service, so it is improper for Mr. Keitges, a party to the litigation, to serve the parties. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

### IV.    Conclusion

Accordingly, the defendants' motion to quash the plaintiff's purported service (Doc. 10) is **GRANTED in part** and the plaintiff's motion for clerk's

entry of default (Doc. 9) is **DENIED** as moot. *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-CV-2558-T-60AAS, 2020 WL 7396979, at *1 (M.D. Fla. Dec. 17, 2020) ("'[p]rior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process'") (quoting *Pree v. Pickle Pro, LLC*, 2:17-cv-42-FTM-29CM, 2018 WL 6304864, at *1 (M.D. Fla. Dec. 3, 2018)). Mr. Keitges must properly serve the defendants by **March 20, 2026**. Failure to properly serve the defendants may result in the complaint being dismissed without prejudice.

    **ORDERED** in Tampa, Florida on February 26, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

5